DANIEL BABCOCK, ADMINISTRATOR OF JOSIAH BABCOCK, v. E. G. CULVER, APPELLANT.

*Discontinuance. Record of Justice of Peace. Tender. Payment.*

In a suit returnable before a justice, the plaintiff died before the return day, and the case was continued five times, without any suggestion of the plaintiff's death upon the record. Two of said continuances were because of the inability of the justice to attend, and the others were at the request of the defendant. On the last continuance day, the administrator entered to prosecute, and it did not appear but that he entered at the next court day after his appointment. *Held,* that the cause was not discontinued by such continuances.

The copies of appeal stated that, "upon suggestion of plaintiff's death, B., his administrator, had leave to *appear and prosecute* said action. The defendant, by his attorney, thereupon suggested a plea in abatement, and afterwards a motion to dismiss, alleging that the plaintiff's death had occurred previous to one or more of the last continuances, without having been suggested of record." *Held,* equivalent to stating that the administrator had not only had leave to *enter* to prosecute, but that he was then *actually* prosecuting.

After judgment before a justice and appeal by the defendant, and before entry of the appeal in county court, the defendant made a tender to the plaintiff's attorney upon the debt and

accrued costs, which the attorney received. *Held*, that the same could not operate as a tender, but only as payment *pro tanto*, there being no warrant for a tender at such stage of the case.

The county court submitted to the jury to find what was due on the demand at the *time said tender was made. Held*, no error.

GENERAL ASSUMPSIT, commenced before a justice of the peace, and appealed to the county court. The suit was commenced in the lifetime of the intestate, who died before the return day of the writ, and the cause was continued five several times, without any suggestion upon the record of the death of the plaintiff, all of which continuances were at the request of the defendant, except two, which were in consequence of the inability of the justice who signed the writ to attend. On the last continuance day, the copies of appeal showed that the parties appeared, " and upon suggestion of plaintiff's death, Daniel Babcock, his administrator, had leave to appear and prosecute said action. The defendant, by his attorney, thereupon suggested a plea in abatement, and afterwards a motion to dismiss, alleging that the plaintiff's death had occurred previous to one or more of the last continuances, without having been suggested of record." The suit was entered at the December term, 1871, in the names of the original parties thereto, at which term the defendant filed a plea in abatement, averring as cause of abatement, the continuances before the justice as aforesaid, without suggestion of the death of the plaintiff upon the record, and that it did not appear from the copies of appeal that the administrator of the intestate ever entered to prosecute. At the May term, 1872, BARRETT, J., presiding, the court ordered the docket entry corrected, and the cause to stand in the name of the plaintiff as administrator ; and thereupon the cause was heard on demurrer to the plea in abatement, and the plea adjudged insufficient, *pro forma*, and the defendant ordered to answer over ; to which the defendant excepted. At the May term, 1873, BARRETT, J., presiding, the cause was tried by jury on the general issue, with notice of payment and tender, and verdict for the plaintiff.

It was conceded that some time after judgment had been rendered by the justice, and before the appeal was entered in the county court, the defendant tendered to the plaintiff's attorney upon the plaintiff's claim and accrued costs, the sum of $10, which

the attorney received, and the same was given in evidence. The defendant claimed that the receiving of said tender operated a satisfaction, under the statute, of the plaintiff's claim and costs. The court declined so to hold; to which the defendant excepted. The defendant gave evidence tending to show payments made to the plaintiff upon the note in suit, to such an extent that said tender would be ample to cover the balance unpaid, if any, and the costs accrued at the time of the tender. The plaintiff gave counter evidence. The question submitted to the jury was, what was due on said note at the time said tender was made; and the jury found $90.47 to be due, for which sum judgment was rendered, deducting said $10.

*Norman Paul* and *W. C. French*, for the defendant.

The statute provides, that in case of the death of a party during the pendency of any suit, where the right of action survives, the administrator or executor of the deceased party may enter and prosecute the same; and that in case no executor or administrator has been appointed, the death of the party shall be suggested on the record, and the case continued till an appointment is made. Gen. Sts. pp. 392, 393, §§ 21, 24. Giving to these statutes a fair construction, the only conclusion to be derived from them is, that any proceedings had in a suit when one of the parties has deceased, is wholly inoperative and void, unless the terms of the statutes are strictly complied with. The death of Josiah Babcock before the return day of the writ, suspended all legal proceedings in the suit, except the suggesting of his death on the record, and the continuing of the same, with leave for his administrator to enter and prosecute. Nothing of the kind having been done, and no notice taken of the plaintiff's death till after five continuances had been granted, and that too without any statutory right, it was, in effect, a discontinuance of the suit for want of parties, as was held in *Padleford* v. *Bancroft et al.* 22 Vt. 529, and no legal judgment could thereafter be rendered in the same, without the consent of the defendant. The administrator must enter at the next term after his appointment, or it will be an abandonment of the suit. *Tyler* v. *Whitney*, 8 Vt. 26;

*Admrs. of Wentworth* v. *Creditors of Wentworth*, 12 Vt. 244. Applying this rule to justice courts, it would follow that if the administrator did not enter at the first day set for the hearing after his appointment, it would be an abandonment of the suit. The records of the magistrate, and the docket entries of the county court, show conclusively that the administrator never did enter to prosecute said suit, according to the requirements of the statute in such cases; something more than the entry of his name on the docket by counsel, is necessary.

The tender of ten dollars by the defendant in full payment of the balance due on the note and the accrued cost, coupled as it was with a condition, rendered it invalid as a tender, if it had been refused; but the plaintiff's attorney having received it without objection, and that, too, with a full knowledge of the conditions with which it was made, it was an accord and satisfaction of the claim. The statute contemplates, that when a tender is made of the amount claimed to be due on a debt, and the accrued costs, if the plaintiff would avoid it on the ground that it is not sufficient, he must decline to receive it, and leave the defendant to his proofs to establish its sufficiency; but if the same is received, with a full understanding of the condition with which it was made, it is a bar to any further proceedings in the suit. Gen. Sts. ch. 125, § 7; *McGlynn* v. *Billings*, 16 Vt. 329; *McDaniels* v. *Lapham et als.* 21 Vt. 222; *Cole* v. *Champlain Transportation Co.* 26 Vt. 87; *Goslen* v. *Hodson and Fisk*, 24 Vt. 140; *Draper* v. *Pierce*, 29 Vt. 250; *Foster* v. *Drew*, 39 Vt. 51; *Towslee* v. *Healey*, 39 Vt. 522; *Draper* v. *Hitt*, 43 Vt. 439. The right to make a tender after suit commenced, exists by force of the statute, and not at common law; and if the plaintiff receives the money, he receives it in full, and cannot receive it and apply in part payment, if not sufficient, as at common law.

The court erred in submitting to the jury to find the amount due on the notes at the time the tender was made. The question to be tried was, how much was due at the time of the trial; the court had no right to make an application of the tender by deducting it from the verdict. *Meeker* v. *Hurd*, 31 Vt. 639.

*J. Converse*, for the plaintiff.

As to the tender of the $10, and the acceptance of the same by the plaintiff's attorney, the court correctly laid down the law. There was no accord and satisfaction. *Preston* v. *Grant*, 34 Vt. 201 ; *Wood* v. *Springfield*, 43 Vt. 617.

The causes of abatement are entirely insufficient. But if we cannot go out of the plea, then we say there was no administrator appointed, and no citation served on him as the statute requires. It was the defendant's business to suggest the death of the plaintiff. There was no person to speak for the plaintiff until the administrator was appointed and permitted to enter to prosecute. The administrator did enter to prosecute as soon as he was appointed, and at the same time suggested the death of the intestate. The continuances were all at the request of the defendant. No plea in abatement lies in consequence of neglect or refusal to enter to prosecute.

The plea was out of time, whether the record shows a plea in abatement before the justice or not. If there was one there, it was then out of time. It was also abandoned when in the county court, and was out of time there.

The opinion of the court was delivered by

Ross, J. This suit was commenced in the name of the intestate, who deceased before the return day of the writ. The continuances on which the defendant relies to abate the suit, were all had at the request of the defendant, except two which were occasioned by the absence of the justice of the peace before whom the writ was returnable. Under the provisions of the Gen. Sts. ch. 52, §§ 19 to 24, an action, the cause of which survives, does not abate on the death of either party to it ; but it may be prosecuted by or against the administrator or executor of such deceased party. The action is to be continued until the appointment of an executor or administrator, who may, thereupon, appear voluntarily to prosecute or defend such action. If he does not appear voluntarily, it is made the duty of the surviving party to cite him in. There is nothing in the case which shows that the administrator of the plaintiff did not appear at the next court day

after his appointment. Hence the continuances in the justice court, did not operate as a discontinuance of the suit, and the county court properly overruled the defendant's plea in abatement, if that plea was interposed in time, and was sufficient in form. It is averred in the plea, that it does not appear from the copies of the record sent to the county court by the justice of the peace, that the administrator ever entered in said cause. We think the justice's copies of the record show that the administrator did enter. It is stated that he had leave to appear and prosecute the suit, and thereupon the counsel for the defendant suggested a plea in abatement and motion to dismiss, because the plaintiff's death had not been sooner suggested upon the record, which, we think, is a strong implication, if not tantamount to an assertion; that the administrator had not only had leave granted him to enter to prosecute the suit, but that he was then actually prosecuting it. If it was the duty of any one to have earlier suggested the death of the plaintiff upon the record, that duty rested upon the defendant, and he cannot now be heard to say that he did not seasonably perform it. There was no party in court other than the defendant, to make such suggestion. The death of the plaintiff not only disabled him from appearing in the suit, but revoked all power in others to appear for him, until an administrator or executor was appointed.

We think the county court correctly declined to hold that the receiving of the tender by the plaintiff's counsel, operated as a satisfaction, under the statute, of the plaintiff's claim and costs. At common law a tender could not be made after the commencement of a suit. Gen. Sts. ch. 125, § 7, allows a defendant to tender the debt and accrued costs at any time after suit, to three days before the sitting of the court, if the action is brought to the county court, or to twenty-four hours before the time of trial, if before a justice ; but it nowhere authorizes such a tender after the judgment by the justice, and before the entry of the appeal in the county court. The payment of the ten dollars could, therefore, only operate as a payment of so much towards the debt and accrued costs. If no more should be found due the plaintiff upon the trial, for debt and accrued costs, it might have operated upon

the subsequent costs in the suit, the same as the payment of money into court under a rule. It is not stated in the exceptions that any evidence tended to show that the defendant imposed upon the receipt of the money by the plaintiff the condition that it should be received in full satisfaction of the debt and accrued costs, and no such condition can be presumed. We think the court gave to the $10 its full effect in applying it as a payment *pro tanto* to the amount found due at that time. There was no error in the court's directing the jury to ascertain the amount due the plaintiff at the time of the payment of the $10. The debt due to the plaintiff had not changed subsequently to that time, except what should be added to it by way of interest. That addition the court could make as well as the jury. It was in effect ordering a special verdict, which is sanctioned, both by the statute and long continued practice.

The judgment of the county court is affirmed.